UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5967-SS** |
| **JEH JOHNSON, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, FEDERAL EMEGENCY MANAGEMENT AGENCY** | |

### ORDER

DEFENDANT'S MOTION TO DISMISS (Rec. doc. 10)

**GRANTED**

The defendant, Jeh Johnson, Secretary of the Department of Homeland Security ("Defendant"), moves for the dismissal of the complaint of the plaintiff, Keith Smith.[1]  Rec. doc. 10.  The parties consented to proceed before the assigned Magistrate Judge.  Rec. doc. 14.  Smith requests that the complaint be dismissed without prejudice.  Rec. doc. 13.

Smith asserts claims of race and reprisal discrimination under Title VII that were the subject of an administrative EEO complaint.  Defendant issued a Final Agency Decision on the complaint.  Smith appealed to the EEOC Office of Federal Operations.  This appeal remains pending.  Prior to the 180 day period for the appeal to be resolved, Smith filed this suit.  Rec. doc. 10 (Memorandum at 1).  In these circumstances the Court lacks jurisdiction.  Atkins v.

---

[1] In 2006, Smith brought an action against his employer, Francis J. Harvey, Secretary of the Army, alleging race discrimination, hostile work environment, and retaliation in violation of Title VII, 42 U.S.C. § 2000e.  The district court granted summary judgment in favor of the Secretary.  Smith appealed.  The Fifth Circuit affirmed the district court's decision.  CA 06-0953 at Rec. doc. 49 (Wilkinson, J.).  Defendant reports that Smith also brought allegations of employment discrimination against his subsequent employer, the Department of the Interior.  Rec. doc. 10 (Memorandum at 1, n. 1).

Kempthorne, 353 Fed.App. 934, 936-37 (5th Cir. 2009).  Smith acknowledges that the complaint was filed prematurely.  Rec. doc. 13 at 1.

Smith also asserts a claim under the Whistleblower Protection Act ("WPA").  Defendant demonstrates that this Court lacks jurisdiction over this claim because: (1) Smith did not bring the claim to the Office of the Special Counsel; and (2) assuming that Smith had exhausted his claim before the Special Counsel, his appeal was to the Merit System Protection Board and the Court of Appeals.  Rec. doc. 10 (Memorandum at 2).  Smith does not respond to this argument.  Instead, he states that the WPA claim is moot.

For the reasons stated by Defendant, this Court lacks jurisdiction over Smith's claims.

IT IS ORDERED that Defendant's motion to dismiss (Rec. doc. 10) is GRANTED and Smith's claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 18th day of March, 2014.

_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**